# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW F. MCFADDEN, an individual,<br><br>                Plaintiff,<br>  vs.<br>CITY OF EL CENTRO,<br><br>                Defendant. | CASE NO. 10cv2042-WQH-WMc<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Ex Parte Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment filed by Plaintiff Andrew McFadden. (ECF No. 40).

## BACKGROUND

On September 30, 2010, Plaintiff initiated this action by filing a complaint against the City of El Centro. (ECF No. 1). On December 6, 2010, Plaintiff filed a First Amended Complaint alleging causes of action for race discrimination, disability discrimination, retaliation, and deprivation of civil rights relating to Plaintiff's employment with the City of El Centro. (ECF No. 8). Plaintiff was represented by Attorney Thomas Gill.

On April 5, 2011, the Magistrate Judge issued a scheduling order setting discovery and dispositive motion deadlines in the case. (ECF No. 18). Discovery was to be completed by October 10, 2011 and dispositive motions were to be filed by November 1, 2011. *Id.*

1    On June 29, 2011, Plaintiff moved to substitute Douglas Geyman as his attorney of
2 record in the case. (ECF No. 19). On June 29, 2011, the Court granted the motion for
3 substitution. (ECF No. 20).

4    On September 20, 2011, Plaintiff wrote a letter to the Magistrate Judge requesting an
5 extension of time to complete discovery on the grounds that Plaintiff needed to obtain new
6 counsel. (ECF No. 21). On October 3, 2011, the Magistrate Judge granted Plaintiff an
7 extension of the discovery cutoff date to November 25, 2011. (ECF No. 24).

8    On September 28, 2011, Attorney Geyman filed a motion to withdraw as Plaintiff's
9 attorney on the grounds that "the relationship between [Plaintiff] McFadden and [Geyman] has
10 completely broken down.... render[ing] it impossible for [Geyman] to provide any form of
11 meaningful representation." (ECF No. 22-1 at 2). On November 8, 2011, the Court granted
12 the motion to withdraw and granted Plaintiff ninety days to substitute counsel. (ECF No. 28).

13    On February 2, 2012, Plaintiff moved to substitute Deborah Brady-Davis as his attorney
14 of record in the case. (ECF No. 31). On February 3, 2012, the Court granted the motion for
15 substitution. (ECF No. 33).

16    On February 7, 2012, Defendant filed a motion for summary judgment. (ECF No. 34).
17 On February 24, 2012, Plaintiff filed an opposition contending that the motion should be
18 denied as untimely because it was filed after the November 1, 2011 dispositive motion
19 deadline set by the Magistrate Judge. (ECF No. 35). Plaintiff stated that "[Attorney]
20 Brady-Davis had not yet had an opportunity to receive all of the file, fully review the file, or
21 come up to date on all of the facts, the allegations, the defenses, and the filings." *Id.* at 2.
22 Plaintiff requested that if the Court was not persuaded to deny the motion for summary
23 judgment as untimely, the Court "reschedule the hearing to allow time for Plaintiff to more
24 adequately prepare for a hearing on the merits." *Id.* at 4-5. On March 2, 2012, Defendant filed
25 a reply in support of its motion for summary judgment. (ECF No. 38).

26    On June 6, 2012, the Court granted Plaintiff an extension of time until June 20, 2012
27 to file an opposition the motion for summary judgment on the merits. (ECF No. 39). On June
28 20, 2012, Plaintiff filed an Ex Parte Motion for Extension of Time to File a Response to the

motion for summary judgment. (ECF No. 40). Plaintiff states that, "[u]pon the subsequent review of the case, Plaintiff's counsel discovered that Plaintiff's prior attorneys had not conducted depositions of the key witnesses in the case or other witnesses and they had not named expert witnesses to substantiate Plaintiff's claims.... Plaintiff seeks further continuance of Defendant City of El Centro's MSJ to allow a short period of discovery, and to allow Plaintiff to designate his treating physicians as experts and provide Defendant an opportunity to depose the experts." *Id.* at 3. Plaintiff estimates he will need "approximately 2 months" to complete discovery. *Id.* at 4. On June 21, 2012, Defendant filed an opposition to the Ex Parte Motion for Extension of Time contending that an extension of discovery would cause prejudice and undue delay in the case. (ECF No. 41).

## RULING OF THE COURT

Federal Rule of Civil Procedure 6(b)(1) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time.... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1). "'[E]xcusable neglect' may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Pship,* 507 U.S. 380, 392 (1993).

The legal standard for excusable neglect is a four-part test that accounts for "all relevant circumstances surrounding the party's omission.... [including] the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. The Supreme Court's analysis of excusable neglect in *Pioneer* is applicable to Rule 6(b). *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997).

The record reflects that Plaintiff has not had an adequate opportunity to conduct discovery. The Court does not find that Defendant will be prejudiced by re-opening discovery.

1  This case has been delayed by two attorney substitutions and two prior requests for extensions
2  of time by Plaintiff.  However, the delay requested by Plaintiff for completion of discovery is
3  reasonable under the circumstances and will not detrimentally impact judicial proceedings.
4  The Court finds that Plaintiff has submitted sufficient reason for the delay.  New counsel for
5  Plaintiff was appointed four days prior to the filing of the motion for summary judgment and
6  the newly-appointed counsel did not have the benefit of discovery in the case.  The Court finds
7  that Plaintiff has acted in good faith in requesting the delay.

8  The parties are granted **sixty (60) days** to re-open discovery.  Plaintiff shall file a
9  response to the Motion for Summary Judgment filed by Defendant by **September 7, 2012.**
10 Defendant shall file a reply by **September 14, 2012**.  No further extensions of time will be
11 granted absent a showing of extraordinary circumstances.

12 Parties are instructed to immediately contact the Magistrate Judge in order to facilitate
13 expedited discovery.

15 DATED:  June 25, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge